Belknap,
April 5, 1927.

GEORGE G. CLARK *& a., Trustees, v.* WILFRED H. CUMMINGS *& a.*

*George G. Clark* (of Massachusetts) and *Owen & Veazey* (*Mr. Owen* orally), for the petitioners.

*Frank N. Parsons*, orally, for the New Hampshire Orphans' Home.

MARBLE, J.   The testator's language as a whole clearly evinces an intention to create a charitable trust.   *Glover* v. *Baker*, 76 N. H. 393, 414; *Carter* v. *Whitcomb*, 74 N. H. 482, 487; *Goodale* v. *Mooney*, 60 N. H. 528.   Since his general purpose can be effectuated by judicial decree and his trustees are empowered to select beneficiaries, the gift is not void for uncertainty.   *French* v. *Lawrence*, 76 N. H. 234, 236; *Haynes* v. *Carr*, 70 N. H. 463, 479; *Snow* v. *Durgin*, 70 N. H. 121, 123, 124; *Towle* v. *Nesmith*, 69 N. H. 212; *Gafney* v. *Kenison*, 64 N. H. 354, 356.   The distinction in this respect between a bequest for charity and one for a private purpose is made plain in *Clark* v. *Campbell*, 82 N. H. 281.

The testator's design is not to be frustrated merely because some of the adjectives used are not completely synonymous with the word "charitable."   It is a cardinal principle of construction that words are to be interpreted with reference to their context.   Nor does it matter that the word "fraternal," as thus construed, may be given a restricted meaning.   Lodges or other associations formed for mutual aid, in order to come within the class of institutions designated, must be engaged in charitable activities, and the money or property which the trustees in their discretion see fit to bestow on societies of this kind must be devoted to such activity.   See *Roberts* v. *Corson*, 79 N. H. 215, and cases cited.

The words "public or private" should be similarly construed.

They indicate "the mode of distribution only." *Saltonstall* v. *Sanders*, 11 Allen 446, 471. Although the bequest is for a public purpose, the selection of organizations to carry out that purpose is not limited to those which are owned or controlled by the state.

The trustees are vested with a wide discretion. They are advised that they may transfer for charitable uses personal property or real estate directly to any of the institutions properly chosen by them as beneficiaries.

*Case discharged.*

All concurred.